Per Curiam.
The bill states, that on the 3d day of December, 1806, the complainant purchased from Thomas Butler, one of the defendants, an undivided fourth part of a house and two lots in the town of Nashville, which he inherited from his father, Colonel Thomas Butler, and got a deed of that date for the same, to * which he refers ; that on the 16th of June, 1808, the complainant sold and conveyed to Robert Butler, one of the defendants and heirs of the said Colonel Thomas Butler, one undivided fourth part of the lot of ground on which the house stands, being the half of lot No. 23, by deed, to which he refers; but avers that he sold thereby no part of lot No. 22 ; it being agreed at the time that he only sold an undivided fourth part of lot No. 23, upon which the house stood. The bill further charges that the defendant, Robert, now pretends that he purchased from the complainant the whole of the property in Nashville conveyed by the deed of the defendant, Thomas, to him, and under that pretense hath caused a division to be made between him and the other defendants, heirs of said Colonel Thomas, and proceeding upon the ground that Robert was entitled, not only to his own share, but to the share of Thomas also, to both lots, hath made an unequal division to the prejudice of the complainant, by taking out of Thomas’s share in lot No. 22, compensation for an excess received by it in lot No. 23, and prays a division of No. 22, that an equal fourth part may be laid off to him. The answer of Robert Butler admits of the purchase by the complainant of a house, the half of two lots, No. 22 and No. 23, in Nashville, which two halves lay contiguous and formed one whole lot; that he agreed to purchase from the complainant the whole of said lot, and received from him the deed stated in the bill. The defendants, before the contract, informed the complainant that there was but one whole lot, formed by two half lots, the one lying back of the other from the public square; and that the complainant agreed to sell the two half lots. The defendant believed the deed to him contained and passed the complainant’s title to the two half lots, and that the complainant intended to do so. The deeds referred to were *200 read in evidence ; the division between the claimants; and the local situation of the lot, two half * lots, and their division. The question submitted to the consideration of the court is, what passed by the deed from' Abner Barker to Robert Butler. The words are “ an undivided fourth part of a certain lot of ground and house, situated in the town of Nashville, in the State of Tennessee, late the property of Colonel Thomas Butler of the United States army, and of which undivided fourth part of the same lot and house, the said Abner Barker is now seised in fee simple, by virtue of several legal conveyances and instruments of writing, together with all and singular the hereditaments,” &c. The primary rule in the construction of deeds is, that it be favorable and as near the minds and apparent intent of the parties as the rules of law will admit. In discovering this intent, the sense in which the word lot •was used by the parties seems the greatest if not the only difficulty; and in ascertaining it, leads to an examination of what is generally understood by the term lot. It seems to have two significations attached to it in common acceptation. The first is, that it means a certain portion of a town originally laid out in the plan thereof by metes and bounds, and includes the compound idea of quantity and situation, the aggregate of what portions constitutes the town. Thus, when we say lot No. 1 in the town of Nashville, we mean not only a certain quantity measured by the original plan, whether it be an acre, a half acre, or any other quantity; it is always, however, a determinate quantity settled by original assignment; but we also mean a certain position peculiar and fixed as to its locality, and having by its first demarcation a relation to the other portions which form this aggregate. The second signification óf the word lot is, piece or parcel; taken in this sense, it has of itself no precise meaning as to quantity or situation, but depends on the context to ascertain its real import. Let us make the application of these two meanings to this deed, and mark the re-suit. As to the first in the clause “ an * undivided fourth part of a lot of ground and house situate in the town of Nashville.” The word lot, for want of the number annexed to it, of itself, wants precision in point of locality and relative position, and is indeterminate. It is not ascertained where, in particular, it lies, only that it doth lie somewhere in the town of Nashville. For want of this locality, we are equally at a loss as to its quantity, for the quan *201 tity depends upon the original assignment in the plan, and unless we can find this, the proper criterion to ascertain it is wanting. The word lot, therefore, of itself, gives no sufficient information of what passed by the deed. We proceed further in the deed, and we find in aid the following description, “ late the property of Colonel Thomas Butler,” &c., &c. Here is brought into view what was late the property of Colonel Thomas Butler, in the town of Nashville ; and to ascertain this we have recourse to the title deed vesting the lot of ground, &c., in said Colonel Thomas Butler, and the plat and proofs given in evidence. From these we find that Colonel Thomas Butler had a property in two lots, not the whole of either, but the half of each, which half lay one behind the other from the public square, and in form was an oblong; that by said deed of the defendant, Thomas, to the complainant, the said property wras vested in the complainant by description of one house and two lots situate in the town of Nashville in the State of Tennessee. In this last deed the word lot cannot be taken in its first acceptation for the reasons before assigned. And the complainant, when he became seised of the interest of Colonel Thomas Butler, as stated by him in his conveyance to the defendant, Robert, must, from the deeds and evidences mentioned, as well as from implication, been taken and deemed to have been acquainted with the extent of his interest. Taking it for granted, then, that he knew the whole of his interest, and also, for the present, that he intended to pass the whole by his deed to Robert * Butler, has he used apt and proper words to effectuate it ? The first words are an undivided fourth part of a certain lot of ground and house. Lot, taken according to its second signification, is synonymous to piece or parcel, and not importing anything precise and determinate of itself, either as to quantity or situation, comprehends it and is sufficiently proper. And a good reason for using it in the second sense is, that the other, or first sense, would not be a proper use of it; for in the latter sense it would be made to have the same operation as if number were attached to it; and instead of the real quantity which it pur-, ports to pass, would only pass one half. Besides, the mode of expression, certain lot of ground and house, being different from what is commonly used in conveying a towm lot, must be taken to have some other meaning by the parties than that which the common expression for that purpose has; else, why not use the common ex *202 pression ? Again, if the complainant only intended to pass his interest in the house and lot No. 23, why alter or vary from the expression used in the deed to him, and which it is to be presumed he had before him, and would naturally copy the description of, as far as it applied ? In that case, he would have said, a house and lot, or a house and one lot, the deed before him saying a house and two lots; and the more so, as in speaking of property circumstanced as this was, having no other improvement on it but one house, we would say house and lot, not lot and house. But here the terms are not only reversed, but a quite different phraseology introduced. A certain lot of ground and house, making, as it were, the first object of the bargainee’s attention the ground, and the second, the house. But this description, certain lot of ground and house, taken in conjunction with what follows, “ the late property of Colonel Thomas Butler, ¿-c., by virtue of several legal conveyances,” &c., may well refer to the whole, that is, to the two * halves of lots Nos. 22 and 23. Taking it in this sense, the conveyance is according to the complainant’s interest; for he assumes to convey an undivided fourth part of a certain lot of ground, which he well may, consistent with the extent of his interest therein. But take it to extend to lot No. 23 only, as he contends in his bill, then a fourth part of a town lot will not be conveyed, but only an eighth part, and the whole of the deed will not be consistent and stand. And the construction giving effect to every part .of the deed that it may all operate, is the rather to be pursued. Decree that the complainant’s bill be Dismissed with costs.
See McDaniel v. Bell, 3 Hay. 258; King’s Digest, 5216, et seq.